UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MELISSA VEALE,

*Plaintiff*,

vs.

PALMANA REALTY CORP. AND
MUKTI 154 PETROLEUM INC.,

*Defendants*.

**COMPLAINT**

Plaintiff, MELISSA VEALE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, PALMANA REALTY CORP. and MUKTI 154 PETROLEUM INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a gas station/convenience store located at 154-09 Union Turnpike, Flushing, NY 11367 doing business as AMOCO (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

**PARTIES**

**4.** Plaintiff, MELISSA VEALE, is over the age of 18, *sui juris*, and a resident of Bronx

County, New York. Plaintiff has suffered from paraplegia since 1996, and as a result is bound to ambulate in a wheelchair. As such, Plaintiff is a qualified individual under the ADA.

**5.** Defendant, PALMANA REALTY CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, PALMANA REALTY CORP., is the owner of the Subject Premises.

**6.** Defendant, MUKTI 154 PETROLEUM INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district and, on information and belief, is the owner/operator of the gas station/convenience store known as "AMOCO" located at the Subject Premises.

**7.** AMOCO is a gas station and convenience store offering fuel for motor vehicles as well as a variety of retail goods, including beverages, snacks, and other convenience items available for purchase by members of the general public. The establishment provides customers with the ability to access fuel pumps and enter the convenience store to browse and purchase items in a retail setting intended for public use. The Plaintiff appreciates the availability of fuel, goods, and related services provided at AMOCO. However, despite the Plaintiff's interest in patronizing the establishment, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**8.** Most recently on or about August 1, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled her to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**9.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**10.** Plaintiff has been denied full and equal access to the Subject Premises, preventing her from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**11.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**12.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**13.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**14.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**15.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers

and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**16.** Most recently on or about August 1, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted her access to the property and its accommodations.

**17.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**18.** Plaintiff is familiar with the area surrounding the Subject Premises because she receives ongoing medical care at Queens Hospital Center, located only a few blocks away. Plaintiff attends medical appointments at Queens Hospital Center approximately once per month and therefore regularly travels to and through the neighborhood where the Subject Premises is located.

**19.** On Plaintiff's most recent visit to the area for a medical appointment, Plaintiff needed gasoline for her vehicle before returning home and sought to purchase gas at the Subject Premises because of its convenient proximity to Queens Hospital Center. Plaintiff intended to pay by credit card directly with the attendant at the payment window, as she does not carry cash and, due to having previously been the victim of identity theft, does not use payment terminals at gas pumps and prefers to personally observe the attendant processing her credit-card transaction.

**20.** Upon arriving at the Subject Premises, Plaintiff personally encountered a step obstructing the route to the payment window, which prevented her from accessing the window and completing the transaction in her customary manner. As a result, Plaintiff was unable to purchase gasoline at the Subject Premises. Because Plaintiff regularly returns to the immediate area for her

monthly medical appointments, she intends to return to the Subject Premises to purchase gasoline once it is made accessible.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

**21.** Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

**22.** Defendants, PALMANA REALTY CORP. and MUKTI 154 PETROLEUM INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**23.** Defendant, PALMANA REALTY CORP., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**24.** Defendant, MUKTI 154 PETROLEUM INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**25.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4

(S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**26.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Retail Store/Payment Service Counter</u>**

**i. Inaccessible Route to Retail Store/Payment Service Counter**
The accessible route to the retail store and payment service counter is inaccessible because the raised curb surrounding the retail store and payment service counter acts as a barrier to accessibility and a required ramp is not provided, preventing Plaintiff and other wheelchair users from accessing the retail store and payment service counter. This is a violation of ADAAG §§206, 206.1, 206.2, 206.2.1, 206.2.2, 303.4, 402, 402.1, 402.2, and 403.4. Providing a compliant accessible route and ramp is readily achievable.

**ii. Inaccessible Payment Service Counter**
The payment service counter is inaccessible to Plaintiff and other wheelchair users, preventing them from independently accessing and utilizing the counter to complete payment transactions with the attendant. Providing a compliant accessible payment service counter is readily achievable.

**<u>Fuel Pumps</u>**

**iii. Inadequate Refueling Assistance Signage and Signaling Devices**
Self-service fuel pumps Nos. 1 through 10 do not provide adequate means for customers with disabilities to request refueling assistance. Although fuel pumps Nos. 1 and 2 contain signage displaying the International Symbol of Accessibility and stating that fuel will be dispensed upon request, the signage does not provide instructions explaining how a customer with disabilities can request or receive refueling assistance. Fuel pumps Nos. 3

through 10 do not provide the required accessibility signage explaining how a customer with disabilities can request or receive refueling assistance. Additionally, none of the ten fuel pumps provides a call button, intercom, or other customer-assistance signaling device, preventing Plaintiff and other individuals with disabilities from independently requesting and receiving refueling assistance. Providing compliant signage and an effective means for customers with disabilities to signal an attendant and request refueling assistance is readily achievable.

**27.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**28.** Plaintiff lives approximately 9.8 miles from the Subject Premises and regularly travels to the surrounding area, including approximately once per month to receive medical care at Queens Hospital Center, which is located only a few blocks from the Subject Premises. Plaintiff intends to return to the Subject Premises within the next six (6) months to purchase gasoline and avail herself of the goods and services offered therein if the Subject Premises is made accessible to individuals with mobility disabilities.

**29.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**30.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**31.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**32.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**33.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff her reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Date: 9/14/2026

Respectfully submitted,

*/s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817
641 Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@gmail.com
*Attorney for Plaintiff*